914 F.2d 256
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy P. Keenan, Plaintiff-Appellant,
v.
Robert BAKER, Robert L. Carter, Harry Pennington, and John
Doe, Defendants-Appellees.
 No. 89-2055.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1990.
 
 Before KENNEDY and BOGGS, Circuit Judges, and TIMBERS, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Timothy P. Keenan appeals from the District Court's summary judgment dismissing his 42 U.S.C. Sec. 1983 claims against defendants-appellees Robert Baker, Muskegon County Jail (MCJ) Administrator, and Robert L. Carter, Harry Pennington, and John Doe, personnel in the Muskegon County Sheriff's Department. Keenan makes the following claims: (1) MCJ officials violated his due process rights by reclassifying him without a hearing; (2) MCJ officials subjected him to an illegal search; and (3) MCJ officials deprived him of his rights by reading his mail, by refusing to allow him to use the county law library and the telephone, by denying him the right to receive his minor children as visitors, and by transferring false information to state prison officials.
 
 
 2
 For the reasons below, we AFFIRM.
 
 
 3
 Timothy Keenan was incarcerated in the Muskegon County Jail in December 1985. He was moved from a lower classification to maximum security confinement on December 24, 1985. Defendants claim that Keenan was moved because he was involved in an altercation with another inmate, and was considered a danger to the other inmates. Keenan claims that he was moved after he reported that some of his belongings had been stolen. Defendants also claim that information they received about Keenan led them to reclassify him as a security or escape risk. Because of the reclassification Keenan stayed in maximum security confinement until his transfer to the Michigan Department of Corrections in May of 1986.
 
 
 4
 Keenan also claims that he was subjected to a visual body examination on February 24, 1986. He claims that two deputies, not named as defendants, entered his cell and required him to strip, bend over and spread his buttocks. He also claims that he was denied law library privileges and that he was denied the use of the phone. In addition, he claims that the Muskegon County Jail's policy of not allowing minors to visit those incarcerated deprived him of his right to maintain contact with his children.
 
 
 5
 We turn first to whether reclassification without a hearing deprived Keenan of a liberty interest without due process. There is no inherent right to a particular security classification. See Meachum v. Fano, 427 U.S. 215, 226 (1976); Beard v. Livesay, 798 F.2d 874, 876 (6th Cir.1986). A state can, however, create such a right through prison "policy statements, regulations, or other official promulgations." Id. at 877. The Supreme Court, however, has held that procedural guidelines alone are not enough to create a liberty interest. Hewitt v. Helms, 459 U.S. 460, 472 (1983). The regulations must put substantive limitations on the discretion of prison officials in classifying inmates. Only if the regulations mandate "specific substantive predicates" to particular classifications do they create a liberty interest. Id. at 472.
 
 
 6
 Keenan cites to Michigan Administrative Rule (MAR) 791.4401 to argue that the state has created a liberty interest in security classification. That section, however, is not applicable to the Muskegon County Jail, but only to those institutions run by the Michigan Department of Corrections. Instead, MAR 791.501-665 apply to county jails. MAR 791.642 controls security classification and contains no substantive limitations on the discretion of the jail officials in classifying inmates. The regulation merely lists factors that should be considered in classification.
 
 
 7
 Because it does not put substantive limitations on the jail officials' discretion in classifying the inmates, Michigan has not created any liberty interest in a particular security classification. Therefore, Keenan has no right to a security classification or to a hearing. The District Court was correct in dismissing his civil rights claim on this issue.
 
 
 8
 Keenan claims that the search conducted on February 24, 1986 violated the fourth amendment. The District Court held that the defendants in this case could not be held liable even if the search was illegal because the defendants were not involved in the search. Keenan claims, however, that he can show that the MCJ officials had so failed to train their employees that it "reflects deliberate indifference to the constitutional rights of [the jail's] inhabitants." City of Canton v. Harris, 489 U.S. 378, ----, 109 S.Ct. 1197, 1206 (1989).
 
 
 9
 That issue, however, need not be decided here. It is well established that prisoners do not have the same right of privacy as non-inmates. The deputies who performed the search did not need reasonable suspicion to do so. Keenan had no constitutional right to be free from such a search and Michigan law did not create such a right. The regulation dealing with searches of inmates instructs that although there are particular times when searches must always take place, random searches should be performed periodically. MAR 791.632. Because Keenan had no right to be free from such a search, the District Court's dismissal on this issue is affirmed.
 
 
 10
 Keenan had no constitutional or statutory right to have his children visit him during his stay at MCJ. MAR 791.654 requires each jail to establish a uniform visitation policy. It specifically states that where security permits, each facility may provide for the visitation of minors. The regulations do not require that each facility allow minors to visit, even where security would not be problematic. At MCJ no minor children were allowed to visit the facility. Keenan has no section 1983 claim against the defendants on this issue.
 
 
 11
 The Michigan regulations do not include anything about access to telephones. Therefore, because there is no inherent right to access to a telephone, no rights of Keenan's were violated if access was denied him.
 
 
 12
 Keenan had obtained a court order requiring MCJ officials to take him to the law library at the Muskegon County Library. Although Keenan claims that he was denied at least some of the access that the court called for, he does not claim that he was harmed by such a denial. Without a claim of harm, Keenan has no basis on which to recover.
 
 
 13
 Keenan's amended complaint does not include a claim regarding his mail. Thus that claim will not be addressed here. His allegation that false information was conveyed to state prison officials, and his claim of lack of any jail rule books as required by MAR 791.644 were not addressed by the District Court. However, the false information was only that information in the jail records. There can be no constitutional violation in sending copies of a prisoner's records to another penal institution. Finally, petitioner has alleged no harm that resulted from the lack of a jail rule book.
 
 
 14
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable William H. Timbers, United States Court of Appeals for the Second Circuit, sitting by designation